# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAVINIA VOGUE CLEANERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-10311 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| TRAVELERS CASUALTY INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Ravinia Vogue Cleaners brings this suit against Travelers Casualty Insurance Company of America alleging breach of contract and unreasonable conduct for violating the parties' insurance agreement. Currently before the Court are cross motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the reasons explained below, Travelers' [42] motion is granted and Ravinia Cleaners' [49] motion is denied.

**Background**

The following facts are undisputed unless otherwise noted. Travelers is a corporation with its principal place of business in Connecticut. Ravinia Cleaners is a business organization located in Illinois. Travelers issued an insurance policy to Ravinia Cleaners ("the Policy") covering property damage, effective from July 7, 2014 to July 7, 2015. The Policy provided coverage to a building in Highland Park, Illinois where Ravinia Cleaners operated its dry-cleaning business. The Policy included certain exclusions to which it would not provide coverage for damage or loss. One of the

1

exclusions to coverage was from damage relating to a "collapse of buildings." The Policy defined collapse as:

> [A]n abrupt falling down or caving in of a building or any part of a building with the result being that the building or part of a building cannot be occupied for its intended purpose.

Dkt. 53 at 3. However, the Policy allowed for certain exceptions to this exclusion, such as the exclusion of coverage was when the "collapse" was caused by, as relevant here:

> (1) weight of snow or
>
> (2) use of defective materials or methods in construction, remodeling or renovation if the collapse occurs after construction, remodeling, or renovation is complete . . . .

Dkt. 53 at 2-3.

Nevertheless, the Policy states that a building that "is in imminent danger of abruptly falling down or caving in" or "suffers a substantial impairment of structural integrity" is not a "collapse" but rather is in a "state of imminent collapse." Dkt. 53 at 3. The Policy excludes damage or loss from the building being in a "state of imminent collapse" unless the loss is caused by, as relevant here:

> (1) weight of snow, or
>
> (2) use of defective materials or methods in construction, remodeling or renovation if the state of imminent collapse occurs *during* the course of construction, remodeling, or renovation.

*Id.* (emphasis added).

The store was closed in July 2014 for interior renovations and remained closed through February 2015. On February 1, 2015, the Chicagoland area experienced heavy snowfall. On February 4, 2015, Ravinia Cleaners reported that there was a leak coming from the ceiling. Travelers sent a claims inspector to evaluate the damage on February 6, 2015, but the snow and ice damning prevented him from inspecting the roof. That same day, construction workers put temporary

2

"shoring" in place on the ceiling. Ravinia Cleaners reported to Travelers that there was damage to the roof on February 25, 2015. Travelers hired an engineer to perform an inspection on March 4, 2015. In the report memorializing the inspection, the engineer made the following observations:

> The roof was covered with ice and snow at the time of our site visit. At the area of the truss failure, the barrel vault roof was visibly displaced downward.
>
> A diagonal bracing member located near the peak on the south side of the failed bow string truss was detached and is laying on the ceiling joists.
>
> The top cord on the east and west ends of the truss to the north of the failed truss has started to buckle similar to the failure mode of the failed bowstring truss.
>
> At the time of our site visit, water was dripping from the failed area of the roof structure.
>
> As a result of the unsafe condition of the roof, the building should be vacated and should not be occupied until adequate shoring is in place.

Dkt. 55 at 6.

Travelers informed Ravinia Cleaners that it was denying its claim on May 20, 2015. In its denial letter, Travelers asserted that coverage was excluded because the building (roof) was in a state of imminent collapse which was caused by the weight of ice and snow as well as defective construction of the truss system.

Ravinia Cleaners brought this claim after Travelers denied coverage. In Count I, Ravinia Cleaners alleges that Travelers breached their insurance agreement. In Count II, Ravinia Cleaners asserts that Travelers committed vexatious and unreasonable conduct in violation of S.H.A. 215 ILCS 5/155, which allows the award for attorney's fees and statutory damages relating to an insurer's unreasonable conduct in handling a policy claim.

**Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

3

any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Discussion**

As mentioned previously, both parties have filed motions for summary judgment. Travelers argues that because there was no "collapse" as defined in the Policy, the truss failure is excluded from coverage. Travelers also argues that there is no basis for relief under 215 ILCS 5/155 for unreasonable and vexatious conduct. Ravinia Cleaners argues that there was a "collapse," and therefore, it is entitled to summary judgment on the issue of coverage. There is no dispute that if the Court determines the building "collapsed," then the exception to the exclusion applies and there would be coverage under the Policy.

The construction of an insurance is policy is a question of law. *Netherlands Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013) (citing *Am. States Ins. Co. v. Koloms*, 177 Ill.2d 473, 479-80, 227 Ill.Dec. 149, 687 N.E.2d 72 (1997)). The Court's function is to understand and give effect to the parties' intent as expressed in the contract. *Netherlands Ins. Co.*, 737 F.3d at 1177 (internal citation omitted). Illinois courts apply basic rules of contract interpretation when analyzing whether an insurance coverage exclusion applies. *Id.* (citing *Founders Ins. Co. v. Munoz*, 237 Ill.2d 424, 433, 341 Ill.Dec. 485, 930 N.E.2d 999 (2010)). Like any contract, an insurance policy must be read as a whole. *Newman v. Metropolitan Life Ins. Co.*, 885 F.3d 992, 998 (7th Cir. 2018) (internal citation omitted).

4

*Collapse*

Travelers argues that the length of time between Ravinia Cleaners reporting a ceiling leak and the discovery of the truss failure establishes that the roof was in a state of imminent collapse. Put differently, Travelers asserts that the three weeks between the initial report of the leak and the report of the truss failure demonstrates that there was no "abrupt falling down or caving in" as the Policy defines "collapse." Travelers also points to the temporary shoring that was put in place on February 6, 2015 which actually prevented the collapse.

In its response to Travelers' motion, and in support of its own motion for summary judgment, Ravinia Cleaners argues there are three reasons why there was a "collapse" according to the Policy. First, Ravinia Cleaners highlights Travelers' inspector, whose report included statements such as "at the area of the truss failure, the barrel vault roof was visibly displaced downward" as well as that the "truss has started to buckle similar to the failure mode of the failed bowstring truss." In other words, according to Ravinia Cleaners, this demonstrates an "abrupt falling down or caving in" as the Policy defines collapse. Second, Ravinia Cleaners points to Travelers' inspector who reported that the "building should be vacated and should not be occupied until adequate shoring is in place." Third, Ravinia Cleaners highlights Travelers' internal employee e-mail communications, which mentioned that the claim at issue was a collapse issue to which he thought there was coverage.

Notwithstanding policy language stating the contrary, Illinois courts have described "collapse" under a homeowner's policy as "the sudden impairment/undermining of a structure even if the structure has not completely fallen down." *See Travelers Home and Marine Ins. Co. v. Walsh*, 2017 WL 976396 at *3 (N.D. Ill. Mar. 14, 2017) (Lefkow, J.) Here, however, the Policy distinguishes a building that has collapsed from one that is in a state of imminent collapse. There is no dispute that the language of the Policy is what controls.

5

The exact terms of the report done by Travelers' engineer (i.e. buckling truss, roof displacing downward) does not demonstrate a "collapse" because the Policy states that a building that suffers substantial structural integrity or is in imminent danger of falling down is not a collapse. Clearly, the Policy makes room for damage being done to the building without it resulting in a collapse. The Policy even states that a state of imminent collapse can result from the weight of snow.

Similarly, Travelers' inspector recommending that the building be vacated does not establish a collapse. The inspection occurred in March, almost a full month after Ravinia Cleaners reported the leak in the ceiling. The parties do not dispute that the truss failure resulted in the ceiling leak. The timeline in between the initial report and the inspection undermines the argument that there was an "abrupt falling down or caving in" as the Policy defines "collapse."

Furthermore, Ravinia Cleaners does not explain the significance of the internal e-mail when Travelers' official decision was that there was no coverage because there was no "collapse." The record shows that there were disagreements between Travelers' employees on whether the roof had collapsed or was in a state of imminent collapse. When reading the Policy as a whole, it is clear that the parties did not intend for the damage to be considered a "collapse" but rather that the roof and truss structure suffered substantial impairment and was in a state of imminent collapse.

*Coverage*

The remaining issue is whether the coverage exclusion applied for the roof being in a state of imminent collapse. Again, two exceptions to the exclusion of coverage from damage related to the roof being in a state of imminent collapse are when the damage results from the:

(1) weight of snow, or

(2) use of defective materials or methods in construction, remodeling or renovation if the state of imminent collapse occurs during the course of construction, remodeling, or renovation.

There is no dispute that the state of imminent collapse did not occur during the course of construction or renovation of the roof. As such, Ravinia Cleaners must demonstrate that the damage resulted from the weight of the snow. Travelers argues that summary judgment should be granted because Ravinia Cleaners has not put forth evidence that the damage was caused solely by the snow.

Travelers' engineer testified that the truss failure resulted from the weight of the snow along with a defective truss system which manifested its defects at least 10 years prior to the February 2015 snow. Ravinia Cleaners' engineer, however, did not opine on what caused the truss failure, but did state that something other than the snow, was "at play" in the cause of the damage. Without any expert evidence that the truss failure resulted from the weight of the snow, there are no material facts at issue as to whether the coverage exclusion applies. The Policy excludes coverage from damage related to the building being in a state of imminent collapse unless caused by the weight of snow. Accordingly, Ravinia Cleaners has not shown that there is a genuine issue of fact for trial.

Travelers has, therefore, established that the exclusion to coverage applies and that it is entitled to judgment as a matter of law. Because the Court finds that the loss is excluded from coverage, Ravinia Cleaners' claim under 215 ILCS5/155 is moot.

**Conclusion**

For the reasons explained above, Travelers' [42] motion for summary judgment is granted and Ravinia Cleaners' [49] motion for summary judgment is denied. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 7/24/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge